**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3075-16T1
A-3255-16T1

PHYLLIS BARACH,

     Plaintiff-Respondent,

v.

ELI SABAN and RANDI L. SABAN,

     Defendants-Appellants.

_____

PHYLLIS BARACH,

     Plaintiff-Respondent,

v.

ELI SABAN,

     Defendant-Appellant.

_____

     Submitted November 7, 2018 – Decided November 16, 2018

     Before Judges Fisher and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. C-000030-16 in A-3075-16, and from the Law Division, Monmouth County, Docket No. L-1894-14 in A-3255-16.

Law Offices of Lora B. Glick, LLC, attorneys for appellants in A-3075-16 and appellant in A-3255-16 (Lora B. Glick, of counsel and on the brief).

Ragan & Ragan, attorneys for respondent in A-3075-16 (W. Peter Ragan, Sr., on the brief).

Clark Law Firm, PC, attorneys for respondent in A-3255-16 (Mark W. Morris, of counsel and on the brief).

PER CURIAM

In these two back-to-back appeals, we examine orders entered in related Law Division and Chancery Division actions.

In the Law Division suit, plaintiff Phyllis Barach sought damages against defendant Eli Saban as a result of her fall in his Forked River rental property. When Saban failed to respond to her complaint, default was entered and, later, Barach established at a proof hearing her entitlement to an award of damages in the amount of $450,000. Saban appeals the denial of his motion for Rule 4:50 relief from the default judgment.

As part of her efforts to collect on the default judgment, Barach filed a complaint in the Chancery Division. She alleged that Saban fraudulently

conveyed his interest in their West Long Branch residence to his wife, defendant Randi L. Saban. Early in those proceedings, the Sabans took the position that the claim was frivolous, and their attorney sent Barach's counsel a <u>Rule</u> 1:4-8 "safe harbor" letter. Undeterred, Barach proceeded into discovery but eventually came to the conclusion that the interest Saban conveyed to his wife was no longer worth the fight. She voluntarily dismissed the action, and the Sabans moved for frivolous litigation fees. The Chancery judge denied their motion, and they appeal.

We find no merit in either appeal and affirm the orders under review.

The Law Division action was commenced in May 2014. When Saban failed to respond to the complaint, Barach obtained entry of default in July 2014; a copy of the default was served on Saban in August 2014.

In January 2015, Barach requested a proof hearing; a copy of this letter was also served on Saban. Due to an inadvertent dismissal of the action for failure to prosecute, Barach was required to move for reinstatement in February 2015; Saban was served with these papers, as well. In fact, on February 20, 2015, Saban communicated with Barach's counsel, who, as requested, sent Saban a copy of the complaint. Saban did not respond to Barach's motion to renew the default, nor did he take any other steps with regard to this lawsuit.

Barach's motion was granted on March 6, 2015, and a proof hearing was scheduled for later in the month. Saban was given notice of all these events.

The March proof hearing was adjourned to May 22, 2015. Again, Saban was advised but did nothing. At the hearing, the judge heard Barach's testimony and determined she was entitled to $450,000 in damages. Judgment in that amount was entered against Saban that same day.

In June 2016, Saban moved to vacate the default judgment entered thirteen months earlier. He claimed a "serious heart illness," which required open heart surgery in August 2014, prevented him from dealing with this matter; he also alleged in the most general terms that he had consulted with an attorney and assumed the attorney was handling this matter. The judge denied the motion for reasons expressed in an oral decision; in large measure, the judge denied the motion because the alleged excusable neglect was only supported by Saban's self-serving and undocumented generalities. An order denying the motion was entered on September 16, 2016.

On February 1, 2017 – nearly five months later – Saban again moved for relief. He claimed that the procedures that led to the default judgment were defective. He also provided, among other things, medical records about his heart problems, but nothing within those records suggested that, other than for a

relatively short time before and after his open heart surgery, Saban was so incapacitated that his failure to respond or otherwise appear in these proceedings ought to be excused. The judge viewed the motion as seeking both reconsideration of the September 16, 2016 order and relief from the default judgment pursuant to Rule 4:50-1. As for the former aspect, the judge correctly recognized that Saban was impermissibly rearguing what he previously argued and, in any event, the motion was time-barred, since Rule 4:49-2 declares that such motions must be filed within twenty days of the challenged final order. The judge denied the motion – insofar as it sought Rule 4:50-1 relief – not only because Saban's allegations were too insubstantial to excuse such a lengthy period of neglect but also because the twenty-one-month delay between entry of the default judgment and the filing of this motion was unreasonable, citing Rule 4:50-2. We agree and affirm the February 22, 2017 order substantially for the reasons set forth by Judge Dennis R. O'Brien in his oral decision.[1]

Barach's chancery action, which was filed in March 2016, sought a determination that Saban's 2008 transfer of his interest in their West Long

---

[1] Those arguments not expressly addressed have insufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Branch home to his wife for one dollar constituted a fraudulent conveyance. The following month, the Sabans filed an answer, claiming the action was frivolous.

The Sabans moved for summary judgment in October 2016. A few weeks later, Barach's counsel advised that Barach was willing to stipulate to a dismissal. Once the action was dismissed, the Sabans moved for fees pursuant to either or both Rule 1:4-8 and N.J.S.A. 2A:15-59.1. The motion was denied by Judge Patricia Del Bueno Cleary for reasons expressed in an oral opinion, and the Sabans appeal the denial of that motion. We find insufficient merit in the Sabans' arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

We add only that their frivolousness claim was based, in part, on the Sabans' contention that Barach was not a judgment creditor; that claim was based on the claim that the process leading up to and including entry of the $450,000 default judgment against Saban was defective. As we have noted in connection with the other appeal, the default judgment is not infirm, so Barach was entitled to claim the position of judgment creditor in this chancery action.

The Sabans also rely on a contention that the asset conveyed – Saban's interest in the marital home – was of no value. In fact, the evidence adduced during discovery does not support that contention although it does suggest that

the conveyed interest was of little value. That evidence revealed that the West Long Branch property was purchased by the Sabans in 2003 for $431,000; in 2015, when Randi Saban filed a bankruptcy petition, the property was valued at $467,000 and burdened by a mortgage on which was owed approximately $406,000. This information suggests that the interest conveyed had value, albeit a minimal value, and apparently in Barach's view, once discovery revealed these facts, the matter was no longer worthy of the pursuit. That the prize was not worth the chase did not render the claim frivolous, as Judge Cleary recognized when she denied the motion.

We affirm the order denying frivolous litigation fees substantially for the reasons set forth by Judge Cleary in her oral decision.

＊ ＊ ＊

The orders under review in both A-3075-16 and A-3255-16 are affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION